| | | |
|---|---|---|
| STATE OF WYOMING | ) | IN THE DISTRICT COURT |
| | ) | FILED |
| COUNTY OF NATRONA | ) | SEVENTH JUDICIAL DISTRICT U.S. DISTRICT COURT DISTRICT OF WYOMING |
| | ) | |
| CAROL DOUGLASS, | ) | OCT 0 8 2010 |
| | ) | Case No. 10-CV-218-F |
| Plaintiff, | ) | Stephan Harris, Clerk |
| | ) | Cheyenne |
| v. | ) | |
| | ) | |
| DEPARTMENT STORES NATIONAL BANK, | ) | |
| MACY'S WEST STORES INC., and | ) | |
| EQUIFAX CREDIT INFORMATION | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

The Plaintiff, Carol Douglass, through her counsel, states as follows:

**I. PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 *et seq.* (Federal Fair Credit Reporting Act).

**II. PARTIES**

2. Plaintiff, Carol Douglass, is a resident of Natrona County, Wyoming and is a "consumer" as defined by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

3. Defendant, Department Stores National Bank ("DSNB"), upon information and belief, is the credit card issuer of the Macy's Visa Credit Card for Defendant Macy's West Store's Inc.

4. Defendant Macy's West Store's Inc. ("Macy's West"), is a corporation authorized to do business in Wyoming as a for-profit retail store and credit lender.

5. Defendant Equifax Credit Information Services, Inc. ("Equifax") is a corporation authorized to do business in Wyoming and is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

6. Upon information and belief, Equifax is regularly engaged in the

business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

7. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

### III. JURISDICTION & VENUE

8. This Court has subject matter jurisdiction as the jurisdictional amount exceeds $7,000.

9. Venue in proper in this Court pursuant to W.S. § 1-5-107.

### IV. FACTS

10. In May 2009, Plaintiff went to Hilltop National Bank in Casper, Wyoming to apply for a loan.

11. Upon submitting her application, Hilltop National Bank informed Ms. Douglass that she did not qualify for the loan because Defendants DSNB and Macy's West Stores Inc./Macy's Visa had filed delinquent notices for a balance of $1,635.93 and "R-9 settled charge off" reports with the three credit reporting agencies: Experian, Equifax, and TransUnion.

12. The Macy's Visa account that was listed as delinquent was 4308 5120 3267 6228.

13. Ms. Douglass was denied the loan because of the false delinquent notices and charge-off information.

14. Ms. Douglass later discovered that her niece had stolen her Macy's Visa card and had charged an approximate $11,136 to the account and did not make any monthly payments thereafter.

15. Upon learning of the credit card theft, Ms. Douglass promptly filed a police report and told her niece that the Macy's debt needed to be paid in full.

16. Ms. Douglass' niece then borrowed money from her friends and family and paid off the majority of the card. However, a charge-off balance of

2

$1,635 remained on the card.

17. Plaintiff immediately informed Defendants DSNB and Macy's West Store's Inc./Macy's Visa that she had been the victim of identity theft. Defendants DSNB and Macy's West refused to inform the credit reporting agencies of the false information until the $1,635 was paid in full.

18. Ms. Douglass' niece subsequently signed an acceptance of responsibility to pay off the remaining $1,635.

19. In response, Defendants DSNB and Macy's West Store's Inc./Macy's Visa informed Plaintiff that they would instruct the credit reporting agencies to remove the false charge-off and delinquent information regarding the Macy's Visa account.

20. Upon information and belief, Defendants DSNB and Macy's West Store's Inc./Macy's Visa either refused and/or failed to inform the three credit reporting agencies because the false information remains on Plaintiff's Equifax credit report.

21. On and before March 17, 2010, Plaintiff also disputed the inaccurate information concerning the Macy's Visa account information with Experian, Equifax and TransUnion. She advised these credit-reporting agencies that she was not the person that conducted the Macy's Visa transactions and in support of her claim submitted a police report and an Identity Theft Victim's Complaint and Affidavit.

22. Defendant Equifax never responded and the false information remains Plaintiff's Equifax credit report.

23. On March 24, 2010, Defendant Experian responded to Plaintiff's dispute by acknowledging notice and by stating that it was in the process of blocking the false items. Experian later removed the false information regarding the account.

24. TransUnion also acknowledged the dispute and removed the false information from Plaintiff's TransUnion credit report.

3

25. Defendant Equifax had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the same. Equifax continues to publish and prepare to third parties multiple inaccurate consumer reports about Plaintiff which contained the inaccurate and derogatory account information.

26. In July 2010, Plaintiff again attempted to obtain a loan from Hilltop National Bank and was again refused when the Bank discovered the delinquent and charge-off reports on Ms. Douglass's Equifax credit report.

### III. CLAIMS FOR RELIEF

#### A. COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681s-2(b)(1)(A) AGAINST DSNB AND MACY'S WEST STORE'S INC.

27. On several occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendants DSNB and Macy's each violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the Macy's Visa representations.

28. As a result of this conduct, action and inaction the Plaintiff has suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

29. This conduct, action and inaction was willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendants were negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

30. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from each of the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### B. COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681s-2(b) (1)(B) AGAINST DSNB AND MACY'S WEST STORE'S INC.

31. On one or more occasions within the two years prior to the filing of this suite, by example only and without limitation, Defendants DSNB and Macy's West Stores Inc. each violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(l)(B) by failing to review all relevant information provided by the consumer reporting agencies.

32. As a result of this conduct, action and inaction the Plaintiff has suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

33. DSNB and Macy's West Store's Inc.'s conduct, action and inaction was willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendants were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

34. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from each of the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### C. COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681s-2(b) (1) (C) & (D) AGAINST DSNB AND MACY'S WEST STORE'S INC.

35. On one or more occasions within the two years prior to the filing of this suite, by example only and without limitation, Defendants DSNB and Macy's West Stores Inc., each violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2b (l)(C) and (D) by publishing the false Macy's Visa account information within Plaintiff's credit file with Equifax, Experian and TransUnion without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

36. As a result of this conduct, action and inaction of Defendants DSNB and Macy's West Stores, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

37. Defendants DSNB and Macy's West Stores' conduct, action and inaction was willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants DSNB and Macy's West Stores were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

38. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from each of the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### D.   COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681e(b) AGAINST EQUIFAX.

39. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintains concerning the Plaintiff.

40. As a result of the conduct, actions and inactions of Defendant Equifax the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

41. Defendant's conduct, actions and inactions was willful, rendering the Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling the Plaintiff to recover damages under 15 U.S.C. § 1681o.

42. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

6

### E. COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT: 15 U.S.C. § 1681i (a)(1) AGAINST EQUIFAX.

43. Defendant Equifax violated 15 U.S.C. § 1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiffs credit file.

44. As a result of the conduct, actions and inactions of Defendant Equifax the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

45. Defendant Equifax's conduct, actions and inactions was willful, rendering Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant Equifax was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

46. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln and § 1681o.

### F. COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i(a)(2) AGAINST EQUIFAX.

47. Defendant Equifax violated 15 U.S.C. § 1681i(a)(2) on multiple occasions by failing to provide to DSNB and Macy's West Store's all relevant information regarding the Plaintiff's dispute.

48. As a result of the conduct, actions and inactions of Defendant Equifax the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

49. Defendant Equifax's conduct, actions and inactions was willful, rendering Defendant Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the

7

alternative, Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

50. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### G. COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i(a)(4) AGAINST EQUIFAX.

51. Defendant Equifax violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

52. As a result of the conduct, actions and inactions of Defendant Equifax the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

53. Defendant Equifax's conduct, actions and inactions was willful, rendering Defendant Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant Equifax was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

54. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### H. COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i(a)(5)(A) AGAINST EQUIFAX.

55. Defendant Equifax violated 15 U.S.C. § 1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

56. As a result of the conduct, actions and inactions of Defendant the Plaintiff suffered damage by loss of credit, loss of the ability to purchase

and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

57. Defendant Equifax's conduct, actions and inactions was willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

58. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### I. COUNT NINE: VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i(a)(5)(C) AGAINST EQUIFAX.

59. Defendant Equifax violated 15 U.S.C. § 1681i(a)(5)(C) on multiple occasions by failing to maintain procedures designed to prevent the reappearance of deleted inaccurate information in Plaintiff's credit file.

60. As a result of the conduct, actions and inactions of Defendant, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

61. Defendant Equifax's conduct, actions and inactions was willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

62. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE** Plaintiff prays for judgment against Defendants as follows:

1. For actual, statutory and punitive damages in a sum to be proven at trial;

2. For all past, present, and future mental anguish and emotional distress;

3. For all costs of suit and attorneys' fees incurred; and

4. For such other and further relief as the Court may deem just and proper.

Dated this 3rd day of September 2010.

_____
W.W. Reeves, #4-1120
Anna Reeves Olson, #6-3692
PARK STREET LAW OFFICE
242 So. Park Street
Casper, Wyoming 82601
(307) 265-3843
(307) 235-0243 *facsimile*

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| STATE OF WYOMING | ) | IN THE DISTRICT COURT |
| | ) | |
| COUNTY OF NATRONA | ) | SEVENTH JUDICIAL DISTRICT |

CAROL DOUGLASS,  )
                     Plaintiff, )    Case No. 92518-A

v. )

DEPARTMENT STORES NATIONAL BANK, )
MACY'S WEST STORES INC., and )
EQUIFAX CREDIT INFORMATION )
SERVICES, INC., )
                     Defendants. )

FILED OCT 07 2010
Gen Tuma Clerk of District Court
By: Sam Porter, Deputy

### PLAINTIFF'S NOTICE OF DISMISSAL OF DEPARTMENT STORES NATIONAL BANK & MACY'S WEST STORES INC. WITHOUT PREJUDICE

Plaintiff, through her counsel, submits this *Notice of Dismissal without Prejudice* and states as follows:

1. Rule 41(a)(1), W.R.C.P., provides:

    [A]n action may be dismissed by the plaintiff without order of court: (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . . Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice . . . .

2. In this case, Department Stores National Bank & Macy's have not served an Answer.

3. Wherefore, Plaintiff files this Notice of Dismissal removing Department Stores National Bank & Macy's West Stores Inc. without prejudice.

4. The future caption of this case will read *Douglass v. Equifax Credit Information Services*.

DATED this 7th day of October 2010.

*[signature]*

Anna Reeves Olson
PARK STREET LAW OFFICE
242 So. Park Street
Casper, WY 82601
(307) 265-3843
(307) 235-0243 *facsimile*

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    The undersigned does certify that on the 7th day of October 2010 a true and correct copy of the foregoing was sent to:

| | | |
|---|---|---|
| Brian Parsons | U.S. Mail | |
| Law Department | Facsimile | |
| 611 Olive Street, 10th Floor | Hand Delivery | |
| St. Louis, MO 63101 | Email | X |
| | | |
| Michael B. Rosenthal | U.S. Mail | |
| Hathaway & Kunz PC | Facsimile | |
| P.O. Box 1208 | Hand Delivery | |
| 2515 Warren Avenue, Suite 500 | Email | X |
| Cheyenne, Wyoming 82003 | | |

                                                  W.W. Reeves